United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-31026
SUMMARY CALENDAR

_____

WILFRED T. LABORDE; PAUL TIMOTHY LABORDE; PATRICK J. LABORDE;
DAVE T. LABORDE,

          Plaintiffs - Appellants

   v.

BROWN & WILLIAMSON TOBACCO CORPORATION; PHILIP MORRIS
INCORPORATED, doing business as Phillip Morris USA INC.; R.J. REYNOLDS
TOBACCO COMPANY, INC.,

          Defendants - Appellees.

_____

On Appeal from the United States District Court for the
Middle District of Louisiana
(00-CV-388-D)

_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

      In this appeal, we review the district court's decision granting Defendants - Appellees',

Brown & Williamson Tobacco Corporation, Philip Morris Incorporated, and R.J. Reynolds

Tobacco Company, application for taxation of costs.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

Appellants argue that the application for taxation of costs should have been denied because Uniform Local Civil Rule 54.3 requires that the application be filed within 30 days of entry of a final judgment, and Appellees' application was filed 31 days after the entry of judgment. However, we agree with the district court and find that the application was timely filed.

Uniform Local Civil Rule 54.3 actually requires that an application for taxation of costs be filed 30 days after receiving notice of entry of judgment. The district court entered judgment on May 20, 2003. As required by FED. R. CIV. P 77(d), the district clerk served the notice of entry of judgment by mail and facsimile the same day in the manner provided for in Rules 5(b)(2)(B) and (D). Because the notice of entry of judgment was served by mail and facsimile, FED. R. CIV. P. 6(e) granted Appellees three additional days in which to file their application for taxation of costs. The application was filed on June 20, 2003, 31 days after judgment was entered. Thus, it was timely.

For the foregoing reasons, the judgment of the district court is affirmed.