938 So.2d 792 (2006)
James "Jim" LAMZ
v.
John B. WELLS.
No. 2005 CA 1497.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
*794 Tom W. Thornhill, Chadwick W. Collings, Slidell, for Plaintiff-Appellant James "Jim" Lamz.
John B. Wells, Pro Se.
Before: KUHN, GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
In this case, plaintiff, James "Jim" Lamz, appeals from a judgment of the trial court granting the motion to strike filed by defendant, John B. Wells. For the reasons that follow, we affirm the judgment below.

FACTS AND PROCEDURAL HISTORY
According to the record, Mr. Lamz and Mr. Wells were both judicial candidates for Slidell City Court in 2004. The election was scheduled for November 2, 2004. On October 29, 2004, Mr. Lamz filed a petition for injunctive relief alleging that Mr. Wells had violated the provisions of the Louisiana Election Code, La. R.S. 18:1463, by "causing to be distributed, transmitted and published many oral, visual and written statements" containing numerous false allegations about Mr. Lamz. The matter was scheduled for hearing on November 3, 2004, at which time the trial court concluded that the petition for injunctive relief was moot. Mr. Lamz was subsequently allowed to file a supplemental and amending petition asserting a defamation cause of action against Mr. Wells. In response thereto, Mr. Wells filed a special motion to strike pursuant to La.Code Civ. P. art. 971, arguing that Mr. Lamz had "maliciously sued [him] in a brazen attempt to curtail protected political speech in direct violation of the First Amendment to the Constitution of the United States."
After a number of delays, Mr. Wells' special motion to strike was scheduled for hearing on March 24, 2005, along with several other related matters, including exceptions raising the objection of prematurity and improper use of summary proceedings filed by Mr. Lamz.[1] The trial court denied the exception raising the objection of no cause of action. Argument from *795 both sides regarding the motion to strike was then heard, after which the trial court granted the motion to strike finding that Mr. Lamz had not met his burden of proof on the motion. The parties also presented argument concerning Mr. Wells' claim for attorney fees. This issue was "left open" by the trial court, and counsel for both sides were allowed additional time to brief the matter. The trial court signed a judgment in accordance with these findings on March 31, 2005, dismissing the claims against Mr. Wells with prejudice. Mr. Lamz filed a motion for new trial, which motion was denied by the trial court on April 4, 2005. In a subsequent judgment dated May 10, 2005, the trial court denied Mr. Wells' claim for attorney fees, but ordered Mr. Lamz to pay all costs allowable by law that were incurred by Mr. Wells.
Mr. Lamz appealed the court's March 31, 2005 judgment, arguing that the trial court committed an error of law in granting Mr. Wells' motion to strike.[2] Mr. Wells answered the appeal, assigning error to the trial court's failure to sanction Mr. Lamz pursuant to La.Code Civ. P. art. 863 and failure to award attorney fees pursuant to La.Code Civ. P. art. 971.[3] Mr. Wells also requested attorney fees for the time he spent responding to the appeal by Mr. Lamz.

ARTICLE 971 MOTION TO STRIKE
The granting of a special motion to strike pursuant to Article 971 presents a question of law. Appellate review regarding questions of law is simply a review of whether the trial court was legally correct or legally incorrect. Dixon v. First Premium Ins. Group, XXXX-XXXX, p. 5 (La. App. 1 Cir. 3/29/06), 934 So.2d 134. On legal issues, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and renders judgment on the record. Clements v. Folse ex rel. Succession of Clements, XXXX-XXXX, p. 5 (La.App. 1 Cir. 8/14/02), 830 So.2d 307, 312, writ denied, 2002-2328 (La.11/15/02), 829 So.2d 437.
On appeal, Mr. Lamz contends the trial court's judgment granting the motion to strike was contrary to both the law and the evidence and must be reversed. Mr. Wells asserts that his special motion to strike was properly granted because the case involved protected free speech with a connection to a public issue. We agree.
The special motion to strike, governed by Article 971, provides in pertinent part, as follows:
A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff *796 has established a probability of success on the claim.
(2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
. . . .
B. In any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs.
. . . .
F. As used in this Article, the following terms shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:
(1) "Act in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue" includes but is not limited to:
(a) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.
(b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.
(c) Any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest.
(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.
Article 971 was enacted by Acts 1999, No. 734, § 1. Section 2 of Acts 1999, No. 734 provides as follows:
The legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. The legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, it is the intention of the legislature that the Article enacted pursuant to this Act shall be construed broadly.
The intent of Article 971 is to encourage continued participation in matters of public significance and to prevent this participation from being chilled through an abuse of judicial process. Stern v. Doe, XXXX-XXXX, p. 4 (La.App. 4 Cir. 12/27/01), 806 So.2d 98, 101. Article 971 was enacted by the legislature as a procedural device to be used early in legal proceedings to screen out meritless claims brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. Aymond v. Dupree, XXXX-XXXX, p. 7 (La.App. 3 Cir. 4/12/06), 928 So.2d 721. Accordingly, Article 971 provides that a cause of action against a person arising from any act in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim. This special motion to strike is a "specialized defense motion akin to a motion for summary judgment." See Editor's Note to La.Code Civ. P. art. 971, citing Lee v. Pennington, XXXX-XXXX (La.App. 4 Cir. 10/16/02), 830 So.2d 1037, writ denied, 2002-2790 (La.1/24/03), 836 So.2d 52.
Thus, we first consider Mr. Wells' initial burden as the moving party, i.e., demonstrating *797 that the subject matter of the suit against him stems from an action relating to free speech and in relation to a public issue. To that end, Mr. Wells submitted his affidavit in support of the special motion to strike, wherein he stated that he "did not act with knowledge of or a reckless disregard of the truth." Mr. Wells further noted that Mr. Lamz was a public figure at the time of the complained of publications and has not and cannot show actual malice. Notwithstanding this affidavit by Mr. Wells, reference to the pleadings in the record demonstrates that the causes of action arise from acts in furtherance of Mr. Wells' right of free speech and in connection with a public issue. La. Code Civ. P. art. 971(A)(2).
In ruling on the special motion to strike, the trial court noted as follows:
[T]he framers of our Constitution placed a great importance on freedom of speech, and when you look at various legislation that's been passed over the years and cases that have been ruled on over the years, the courts have continued to support that and apparently our legislature has sought to support that also by . . . passing into law . . . Article 971, the special motion to strike, which the court finds to be applicable in this case since it deals with issues of free speech under the United States Constitution and Louisiana Constitution in connection with public issues. What can be a more public issue than an election? This special motion to strike is in its own way a nuclear option that goes right in and blows up the whole case if it is in fact granted; you know, because if I strike these pleadings there's not a whole lot left to this case.
Applying the language of Article 971 broadly, as directed by the legislature, we find no error in the trial court's determination that Mr. Wells' conduct of distributing the campaign literature at issue constituted an "[a]ct in furtherance of [Mr. Wells'] right of . . . free speech under the United States or Louisiana Constitution in connection with a public issue." La.Code Civ. P. art. 971(F)(1). Because Mr. Wells' campaign literature falls within the category of speech addressed in Article 971, the suit filed by Mr. Lamz was subject to the special motion to strike, unless the trial court determined that Mr. Lamz had established a probability of success on his defamation claim.
In opposition to the Article 971 motion, Mr. Lamz argued that Mr. Wells made false statements against him that were not the protected free speech contemplated in Article 971. However, we note that falsity is an element of a defamation claim to be proved by Mr. Lamz as plaintiff after the burden shifts to him. Because Mr. Wells met his burden of proof on the motion to strike, the burden of proof shifted to Mr. Lamz to demonstrate the probability of his success in his defamation claim against Mr. Wells. After considering the evidence in the record, the trial court concluded that Mr. Lamz failed to meet "the burden of proof establishing a probability of success on that claim." We find no error in this conclusion.
It is well settled in Louisiana law that a cause of action for defamation arises out of a violation of La. Civ.Code art. 2315. Ruffin v. Wal-Mart, XXXX-XXXX, p. 2 (La. App. 1 Cir.5/10/02), 818 So.2d 965, 967, writ denied, XXXX-XXXX (La.9/30/02), 825 So.2d 1200. The following elements are essential to prevail on a claim of defamation: (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Cangelosi v. Schwegmann Bros. Giant Super Markets, 390 So.2d 196, 198 (La.1980).
*798 A defamatory communication or defamatory words are those which harm the reputation of another so as to lower him in the estimation of the community or to deter others from associating with him. Connor v. Scroggs, 35,521-522, 36,109-110, p. 10 (La.App. 2 Cir. 6/12/02), 821 So.2d 542, 550. Whether a particular statement is objectively capable of having a defamatory meaning is a legal issue to be decided by the court, considering the statement as a whole, the context in which it was made, and the effect it is reasonably intended to produce in the mind of the average listener. Bell v. Rogers, 29,757, p. 5 (La.App. 2 Cir. 8/20/97), 698 So.2d 749, 754. Insofar as a plaintiff is a public official, the Louisiana Supreme Court has observed that, "[a] public official plaintiff cannot recover for a defamatory statement relating to his or her official conduct, even if false, unless the public official proves actual malice by clear and convincing evidence." Davis v. Borskey, 94-2399, p. 10-11 (La.9/5/95), 660 So.2d 17, 23.[4]
Based on our review of the evidence in this case, and considering the applicable law with regard to a cause of action in defamation, we agree with the trial court's conclusion that Mr. Lamz has failed to establish a probability of success in his claims against Mr. Wells. According to the record, Mr. Lamz and Mr. Wells were embroiled in a very heated and controversial judicial campaign, which resulted in the election (albeit by a slight margin of victoryless than two hundred votes separated the candidates) of Mr. Lamz as Judge of Slidell City Court. Nonetheless, there is nothing in the record to suggest that Mr. Lamz would be able to satisfy the elements of his defamation action against Mr. Wells, namely, that the publications were false, that Mr. Wells acted with actual malice, or that Mr. Lamz sustained any injury as a result of the publications at issue. Thus, we find no error in the judgment below and affirm the trial court's application and granting of the special motion to strike pursuant to Article 971.

ATTORNEY FEES ON APPEAL
The final issue for our review concerns Mr. Wells' answer to the appeal and prayer for attorney fees for the work on this appeal. Under Louisiana jurisprudence, recovery of attorney fees is not available to one who represents himself because he has incurred no out-of-pocket expenses. See Lambert v. Byron, 94-854 (La.App. 3 Cir. 2/8/95), 650 So.2d 1201, and cases cited therein. As noted by the third circuit in Lambert,
Attorney's fees are awarded to a successful litigant so that his recovery might not be diminished by the expense of legal representation. To allow an attorney filing suit in proper person to recover attorney's fees when he has not actually incurred their expense gives him a monetary advantage unavailable to anyone hiring counsel.
. . . .
[O]ne who has not proven that attorney's fees have been actually incurred is not to be awarded them.
Lambert, 94-854 at 3-4, 650 So.2d at 1203. Accordingly, because Mr. Wells represents himself on appeal, he has not incurred any attorney fees. Mr. Wells' request for same is without merit.

CONCLUSION
For the above and foregoing reasons, we affirm the trial court's judgment granting *799 Mr. Wells' special motion to strike and dismissing this action with prejudice. All costs associated with this appeal are assessed against Mr. Lamz.
AFFIRMED.
NOTES
[1] According to the minutes from the March 24, 2005 hearing, counsel for Mr. Lamz advised the trial court that the exception raising the objection of prematurity was moot. There is also a notation in the minutes that the motion to strike filed on behalf of Mr. Lamz was moot. However, this court has been unable to find any other reference to such a motion in the record.
[2] In a second assignment of error, Mr. Lamz challenges the constitutionality of Article 971. Mr. Lamz has not properly raised a constitutional challenge to Article 971. He did not specifically plead unconstitutionality, nor did he notice or request service on the attorney general. Louisiana jurisprudence holds that "a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized." Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La. 11/30/94), 646 So.2d 859, 864-65 (footnote omitted). Consequently, we do not address the constitutionality of Article 971 herein.
[3] We note that Mr. Wells' claim for attorney fees pursuant to Article 971 was not addressed in the March 31, 2005 judgment and is not properly considered in this appeal.
[4] As a candidate for judicial office, Mr. Lamz qualifies as a public official. See State v. Defley, 395 So.2d 759, 761 (La.1981) (citing Monitor Patriot Co. v. Roy, 401 U.S. 265, 91 S.Ct. 621, 28 L.Ed.2d 35 (1971)).