951 So.2d 318 (2006)
Brian K. ABELS
v.
UNGARINO AND ECKERT, LLC.
No. 2006 CA 0366.
Court of Appeal of Louisiana, First Circuit.
December 28, 2006.
*319 Brian K. Abels, pro se.
Matthew W. Bailey, Baton Rouge, for Plaintiff/Appellee.
Matthew J. Ungarino, David L. Bordelon, Metairie, for Defendant/Appellant, Ungarino and Eckert, LLC.
Before: CARTER, C.J., WHIPPLE and McDONALD, JJ.
WHIPPLE, J.
This matter is before us on appeal by defendant, Ungarino and Eckert, LLC, from a judgment of the trial court granting injunctive and declaratory relief and fixing the amount of attorney's fees and costs due by defendant to plaintiff, Brian K. Abels. Also before us is an answer to *320 appeal filed by Abels in which he seeks additional attorney's fees and damages in defending the instant appeal. For the following reasons, we affirm the judgment of the trial court and deny the answer to appeal.

FACTS AND PROCEDURAL HISTORY
Abels, a lawyer, was employed at the law firm of Ungarino and Eckert, LLC ("the firm") from August 1, 2001 to February 27, 2004, conducting business throughout Louisiana.
After commencing employment with the firm, Abels was required to sign a non-compete agreement as a condition to his continued employment with the firm. Despite his concerns about the agreement, Abels signed the agreement presented to him by his employers at the firm on August 9, 2001. On March 1, 2004, Abels began employment with the law firm of Walsh and Bailey. Thereafter, Abels was informed by letter dated November 23, 2004 from Matthew J. Ungarino that the firm intended to pursue a claim against Abels and Mathew C. Nodier, another associate who had also resigned from the firm, pursuant to the non-compete agreement. In the letter, Ungarino directed Abels and Nodier to contact Roger Larue with MAPS Arbitration to schedule an arbitration date within twenty days and to forward MAPS a check for $2,500.00 to cover their "half" of the arbitration expense. Ungarino further threatened to take legal action and seek attorneys fees and costs should Abels and Nodier fail to submit to mandatory arbitration.
In response, on November 30, 2004, Abels filed a Petition for Preliminary Injunction, Permanent Injunction, and Declaratory Judgment contending that the "non-compete agreement" is void ab initio as it violates the provisions of LSA-R.S. 23:921, which govern non-compete agreements and public policy in general. Abels further alleged that its creation and attempted enforcement by the firm violated Rule 5.6 of the Louisiana Rules of Professional Conduct.[1] Abels also contended that because the non-compete agreement is void and unenforceable, the arbitration clause is also void ab initio and therefore, the firm should be enjoined from forcing Abels to submit to arbitration.
On January 19, 2005, the firm filed a notice of removal to the United States District Court for the Middle District of Louisiana in the state district court proceedings. On April 6, 2005, the magistrate judge for the middle district issued a report finding that no basis for federal jurisdiction existed in the case and recommending that the matter be remanded to the state district court. With regard to Abels' motion for court costs, attorney's fees and expenses pursuant to 28 U.S.C. § 1447(c), the magistrate judge agreed that "Ungarino did not have objectively reasonable grounds for arguing that removal was legally proper in this case and that a cursory review of the Commerce Clause and the Federal Arbitration Act would have revealed the lack of federal question jurisdiction in this case." While the magistrate judge did not find that Rule 11 sanctions were warranted, she found that the firm *321 should be required to pay Abels' court costs, attorney's fees, and expenses associated with the attempted removal. By ruling dated April 25, 2005, the United States District Judge adopted the report and recommendations as the judgment of the court and issued an order remanding the matter to the Twenty-First Judicial District Court, in and for the Parish of Livingston, Louisiana.
On May 12, 2005, the firm filed an exception of no right or cause of action or alternatively, a motion for summary judgment in the remanded matter contending that it desired to withdraw its request for arbitration under the agreement, and accordingly, that there were no further issues to litigate. On June 16, 2005, Abels filed a motion to tax and fix the specific amount of court costs, attorney's fees, and expenses awarded by the federal court and further, for an order of sanctions pursuant to LSA-C.C.P. art. 863(B) against the firm for frivolous removal of this matter.[2]
The matters were heard before the trial court on August 8, 2005. At the conclusion of the hearing, the trial court: (1) denied the firm's exceptions of no right of action and no cause of action and motion for summary judgment; (2) granted Abels' request for a preliminary injunction, permanent injunction, and declaratory judgment decreeing the non-compete agreement void ab initio and, therefore, unenforceable; and (3) granted Abels' motion to fix the amount of attorney's fees, costs, and expenses due by the firm. Accordingly, the trial court awarded Abels $5,000.00 in attorney's fees, $438.00 in court costs for the federal court proceedings, and all costs of the state district court proceedings. A judgment was signed on October 11, 2005.
The firm appeals, challenging only the portion of the judgment fixing the amount of attorney's fees and costs.

DISCUSSION
On appeal, the firm does not challenge the reasonableness of the amounts awarded, but argues that the trial court did not have the authority to award attorney's fees and costs with respect to the removal of the case to federal court. The firm contends that any right of Abels to seek attorney's fees and costs from defendant lapsed pursuant to United States District Court Local Rule 54.3, entitled, "Memorandum of Costs," which provides, as follows:
Within 30 days after receiving notice of entry of judgment, unless otherwise ordered by the court, the party in whose favor judgment is rendered and who claims and is allowed costs, shall serve on the attorney for the adverse party and file with the clerk a notice of application to have the costs taxed, together with a memorandum signed by the attorney of record stating that the items are correct and that the costs have been necessarily incurred. (Emphasis added.)
We find no merit to defendant firm's arguments. A reading of Rule 54.3, in conjunction with the other provisions of *322 Rule 54, reveals that Rule 54.3 provides for the taxing of costs after receiving notice of entry of a final judgment and has been so interpreted in the jurisprudence. See Laborde v. Brown & Williamson Tobacco Corporation, 88 Fed.Appx. 811, 2004 WL 436003 (5th Cir.2004). Moreover, even if Local Rule 54.3 did apply to the ruling on remand herein, Local Rule 54.3 has been interpreted to apply to "costs"; not attorney's fees. Yousuf v. UHS of De La Ronde, Inc., 110 F.Supp.2d 482, 484-486 (E.D.La. June 11, 1999); see also United States District Court Local Rule 54.2.
Instead, we look to 28 U.S.C. § 1447, which sets forth the pertinent procedures for removal of a case from state court to federal court and for remand of a case from federal court to state court. Specifically, subsection (c) of 28 U.S.C. § 1447 addresses motions to remand and provides, as follows:
A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case. (Emphasis added.)
When attorney's fees, expenses, and costs incurred as a result of the removal are awarded by the federal district court upon the grant of a motion to remand, the determination of reasonableness of costs and fees to be awarded may be reserved for the state court pursuant to 28 U.S.C. § 1447(c). See Hodach v. Caremark RX, Inc., 374 F.Supp.2d 1222, 1226 (N.D.Ga.2005).
Moreover, contrary to defendant firm's arguments, this Court has held that the action of a federal court entering an order of remand to the state court vests jurisdiction with the state court. Citizens Bank and Trust Company v. Carr, 583 So.2d 864, 866 (La.App. 1st Cir.1991), writ denied, 588 So.2d 109 (La.1991) (citing Federal Deposit Insurance Corporation v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir.1979) where the court held that once a district court has decided to remand a case and has so notified that state court, the district judge is without power to take any further action.) Moreover, when a remand to the state court is based on want of jurisdiction on the part of the federal court, it is for the state court to determine what effect, if any, will be given to pleadings filed in the federal court. Rivet v. Regions Bank, XXXX-XXXX (La.2/25/03), 838 So.2d 1290, 1294.
Given the federal court's judgment herein, remanding the case to state court and specifically ordering the firm to pay Abels' court costs, attorney's fees, and expenses associated with the removal, we find no error by the trial court in giving deference to the federal court ruling and awarding same to Abels. These arguments lack merit.

ANSWER TO APPEAL
Abels filed an answer to appeal seeking attorney's fees and damages for having to defend this appeal. Generally, additional attorney's fees are awarded on appeal to the appellee when the appellant obtains no relief, and the appeal has necessitated additional work on the opposing party's counsel, provided the opposing party appropriately requests an increase. *323 Sund v. St. Helena Parish School Board, 2005-2473 (La.App. 1st Cir.5/5/06), 935 So.2d 219, 223, writ denied, XXXX-XXXX (La.9/22/06), 937 So.2d 392.
However, this court has previously held that because attorney's fees are awarded to a successful litigant so that his recovery might not be diminished by the expense of legal representation, to allow an attorney filing suit in proper person to recover attorney's fees when he has not actually incurred their expense gives him a monetary advantage unavailable to anyone hiring counsel. Lamz v. Wells, XXXX-XXXX (La.App. 1st Cir.6/9/06), 938 So.2d 792, 798. Because we are bound by the court's prior decision in Lamz, and Abels has represented himself on appeal, we are unable to award any additional attorney fees.[3] Accordingly, his request for additional fees in the answer to appeal is denied.[4]

CONCLUSION
For the reasons set forth above, the October 11, 2005 judgment of the trial court is affirmed. The answer to appeal is denied. Costs of this appeal are assessed against the appellant, Ungarino and Eckert, LLC.
AFFIRMED; ANSWER TO APPEAL DENIED; MOTION TO STRIKE DENIED AS MOOT.
CARTER. J., concurs with reason.
CARTER, C.J., Concurring.
I respectfully concur because, although I agree that the majority's opinion is legally correct, I believe that this court should reconsider en banc, and reverse, the case of Lamz v. Wells, 05-1497 (La.App. 1 Cir. 6/9/06), 938 So.2d 792.
NOTES
[1] Rule 5.6 of the Rules of Professional Conduct, entitled, "Restrictions on Right to Practice" provides as follows:

A lawyer shall not participate in offering or making:
(a) a partnership, shareholders, operating, employment, or other similar type of agreement that restricts the rights of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement; or
(b) an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a client controversy.
[2] Louisiana Code of Civil Procedure article 863(B) provides as follows:

Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
[3] Although Matthew W. Bailey is also named as counsel for Abels on his pleadings and briefs on appeal, we note that the pleadings and briefs, including the answer to appeal, are actually signed by Abels. Moreover, Abels appeared and personally presented oral argument herein.
[4] Ungarino and Eckert's original brief to this court was filed late, thereby forfeiting their right to file a reply brief and their right to orally argue this matter on appeal. See Uniform Rules, Courts of Appeal, Rules 2-12.6 and 2-12.12. On June 8, 2006, appellant filed a motion for leave to file a reply brief and a motion to reinstate oral argument, which were both granted by another panel of this court on June 12, 2006. Abels, in turn, filed a motion to strike reply brief and oral argument, which was referred to the panel to which this appeal has been docketed. As the motions for leave to file a reply brief and to reinstate oral argument were previously granted by another panel of this court, we deny as moot any outstanding motion to strike.