OSCAR PERRY
v.
AMERICAN HOME ASSURANCE COMPANY AND AMERICAN CLUB INTER-INSURANCE EXCHANGE.
No. 2006 CA 1956.
Court of Appeal of Louisiana, First Circuit.
June 8, 2007.
NOT DESIGNATED FOR PUBLICATION.
CHRISTOPHER L. WHITTINGTON, Attorney for Plaintiff-Appellee, Oscar Perry.
ROBERT I. SIEGEL, MEREDITH K. KEENAN, Attorneys for Defendant-Appellant, American Home Assurance Company.
MICHAEL T. JOHNSON, Attorney for Defendant-Appellee, Automobile Club Inter-Insurance Exchange (a/k/a AAA Ins. Co.)
Before: CARTER, C.J., WHIPPLE, and McDONALD, JJ.
CARTER, C. J.
American Home Assurance Company, seeks review of the trial court's denial of its cross-motion for summary judgment and the granting of Oscar Peny's motion for summary judgment on the issue of whether uninsured motorist (UM) coverage was validly waived when neither of the pertinent UM waiver forms contained a policy number or the company name, and only one thin' was dated. Both parties appealed.
While this appeal was pending, the Louisiana Supreme Court resolved the issue presented in this case, holding in Duncan v. U.S.A.A. Ins. Co., 06-363 (La. 11/29/06), 950 So.2d 544, 553-554,[1] that UM coverage is not effectively waived when the line for the policy number is left blank on the form prescribed by the commissioner of insurance. In Duncan, the Supreme Court rejected the rationale and arguments raised by American Home Assurance Company in this appeal, finding that the insurer cannot rely on the insured's intent to waive UM coverage in order to cure a defect in the form of the waiver and further holding, citing public policy considerations, that reformation of a UM waiver is precluded when the change adversely affects the rights of persons who, prior to the reformation, would be able to recover damages under the UM coverage provisions. Id.
After a thorough review of the record and relevant jurisprudence, we are convinced that this case presents an even stronger factual scenario for invalidating the UM waivers than was presented in Duncan, because more information (the date on one form, the insured's printed name on the other form, as well as a blank line for the insured company name on both forms) was omitted in addition to the blank lines for the policy number on both UM waiver forms. Thus, UM coverage was not effectively waived in this case, thereby making UM coverage available equal to the liability limits of the policy.
Accordingly, we affirm the decision of the trial court granting Oscar Perry's motion for summary judgment and denying American Home Assurance Company's cross-motion for summary judgment.[2] All costs of this appeal are equally assessed to Oscar Perry and American Home Assurance Company. We issue this summary opinion in accordance with Uniform Rules  Courts of Appeal, 2-16.2A(2) and (6).
AFFIRMED.
McDONALD, J., Concurs:
While I believe the result in this case is correct, it is only because of the constraints put on this court in the opinion of Duncan v. U.S.A.A. Ins. Co. 950 So.2d 544, 2006-363 (La. 11/29/06). As in Duncan, this case comes to us on the granting of a motion for summary judgment. I believe Justice Weimar's dissent is the more logical analysis. The real issue is whether the UM coverage was intelligently and knowingly waived. This issue has been usurped by a hyper-technical argument that has nothing to do with the real issue. "If the insured has but one policy, the policy number is not necessary for identification purposes. In such a case, the policy number becomes irrelevant and unnecessary." Duncan at 555. American Home only issued one policy in this case. Clearly, there can be no confusion over policies. The only issue is whether there was a valid waiver and this issue has not been addressed.
NOTES
[1] The Supreme Court denied rehearing in the Duncan case on February 16, 2007.
[2] Our holding precludes the necessity of discussing the remaining assignments of error regarding excluded evidence.