ANTHONY AND TERRY KENNER
v.
JAN P. JUMONVILLE AND/OR THE LAW OFFICES OF JAN P. JUMONVILLE
No. 2008 CA 2341.
Court of Appeals of Louisiana, First Circuit.
June 12, 2009.
Not Designated for Publication
David W. Bernberg, Henna Ghafoor, Counsel for Plaintiff/Appellant, Anthony and Terry Kenner.
Attorney/Pro Se, Counsel for Defendant/Appellee Jan P. Jumonville.
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
DOWNING, J.
This appeal arises from a legal malpractice suit filed by plaintiffs/appellants, Anthony and Terry Kenner, against the defendant/appellee, Jan P. Jumonville. The trial court dismissed the suit with prejudice and awarded Ms. Jumonville $1,500.00 in legal fees and also the costs of litigation. The trial court also awarded her the cost of the litigation in the Civil District Court for the Parish of Orleans case #XXXX-XXXXX, which the Kenners filed in the wrong venue. Judgment was rendered accordingly, and the Kenners appealed. The following summarizes the assignments of error:
(1) The trial court erred in dismissing the claims on the grounds of vagueness, ambiguity and non-conformity to LSA-C.C.P. art 891 for allegedly failing to identify the date of the malpractice.
(2) The trial court erred in dismissing the claims on the basis that the peremptory period began to run from the date the motion for summary judgment was granted in the underlying suit (2/2005), as opposed to the date their application for appeal was denied (1/2006).
(3) The trial court erred in dismissing their claims on the false contention that their claims had been compromised and settled with Ms. Jumonville, who acted unethically and unprofessionally in procuring the "release."
(4) The trial court erred in dismissing Terry Kenner's claims of loss of consortium which she would have asserted in the original lawsuit.
(5) The trial court erred in imposing LSA-C.C.P. art. 863 sanctions against David Bernberg, counsel for the Kenners.[1]
For the following reasons, we affirm the trial court judgment.
Ms. Jumonville answered the appeal seeking an increase in the amount awarded by the trial court, an award of judicial interest on the amount awarded, and also requesting attorney fees for defending the appeal. She further requested this case be remanded for the trial court to determine a reasonable attorney fee award that she claims is due her. Ms. Jumonville contends that in making the award, the trial court should have considered the time she spent defending these frivolous allegations  time which could have been spent generating income.
On review of summary judgment, we review the matter de novo. Based upon our de novo review of the record, we conclude that the trial court did not err in dismissing Anthony and Terry Kenner's claims on summary judgment for reasons stated by the trial court. Also, we conclude that the trial court rulings on the other exceptions were not in error. Since we have been favored by the learned trial court's well reasoned and considered written reasons for judgment that set forth the law, facts, and its legal analysis herein, we incorporate them into this opinion and attach them hereto. We agree and adopt the written reasons as our own. Accordingly, the trial court judgment is affirmed.
We deny Ms. Jumonville's requests for additional attorney fees and remand in her answer to appeal. As explained in Lamz v. Wells, 05-1497, p. 8 (La.App. 1 Cir. 6/9/06), 938 So.2d 792, 798, under Louisiana jurisprudence, recovery of attorney fees is not available to one who represents herself because she has incurred no out-of-pocket expenses. See also Abels v. Ungarino and Eckert, LLC, 06-0366, p. 7 (La.App. 1 Cir. 12/28/06), 951 So.2d 318, 323. Moreover, based upon the evidence presented, we conclude that the trial court did not abuse its discretion in makings its awards. See also Hornot v. Stephen Wilson and John Keogh, 06-2382 (La.App. 1 Cir. 6/08/07) (unpublished), 958 So.2d 1216 (Table), writ denied, 07-1409 (La. 10/5/07), 964 So.2d 942. Accordingly, Ms. Jumonville's requests are denied.
For the above and foregoing reasons, we affirm the trial court judgment and assess all costs associated with this appeal against Anthony and Terry Kenner.
This memorandum opinion is issued in accordance with Uniform Rules of Louisiana Courts of Appeal Rule 2-16. IB.
AFFIRMED; ANSWER TO APPEAL DENIED

REASONS FOR JUDGMENT
This matter came for hearing on September 10, 2008, on defendant's Exceptions of Vagueness, Ambiguity, Prescription, Preemption, Res Judicata, and No Right of Action as well as her Motion for Summary Judgment and Rule for Sanctions under C.C.P. Art 863.
Present were:
David W. Bernberg for plaintiffs, Anthony & Terry Kenner, and Jan P. Jumonville, defendant, an attorney at law, appearing in proper person.
The circumstances giving rise to this suit involve alleged legal malpractice by defendant, a sole practitioner, in her failure to oppose a Motion for Summary Judgment in employment related federal litigation she filed on behalf of her then client, Anthony Kenner.[2] The lack of opposition to the Motion for Summary Judgment resulted in dismissal of that litigation in January 2005. Subsequent to the dismissal, defendant promptly notified Mr. Kenner of her error, who eventually compromised his claim against her. That settlement was memorialized in various Releases, the earliest of which were signed on April 27, 2005, and which were eventually finalized in June 2005. Adequate consideration for the Release was acknowledged by both Mr. and Mrs. Kenner.
In May, 2006, Mr. and Mrs. Kenner, through their present counsel, filed this suit in Orleans Parish alleging the same inaction on the part of defendant which was the basis of the compromise. Ms. Jumonville urged an Exception of Improper Venue to the Orleans Parish litigation which was granted. A Transfer Order to this Court was signed in March, 2007 however plaintiff failed to pay the filing fees in St. Tammany Parish until some fourteen months after the transfer. Suit was formally "filed" in this court in May 2008.
Once the case was lodged in this Court, defendant brought Exceptions of Vagueness, Ambiguity, Prescription, Peremption, Res Judicata, and No Right of Action as well as a Motion for Summary Judgment and Rule for Sanctions under C.C.P. Art 863.
As to the Exception of Prescription and Peremption defendant alleges that the malpractice, if any, occurred in January, 2005. This suit was not filed until May 2006 in an improper venue. R.S. 9:5605 provides, in pertinent part, as follows:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred... The one-year and three-year periods of limitation provided in Subsection A of this Section areperemptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended. (Emphasis added)
In February, 2005, after the granting of the Motion for Summary Judgment, defendant made Mr. Kenner aware of her failure to timely act on his behalf and offered to attempt to compensate him for his potential malpractice claim against her. The first release of those claims was signed in April 2005, which should have put Mr. Kenner on notice of the possibility of defendant's malpractice. Therefore, under R.S. 9:5605, Mr. Kenner's claims prescribed several months before suit was filed in Civil District Court, Orleans Parish.
Plaintiffs urge that the date which triggers the running of prescription is not January 2005, but rather January 2006, when the federal appeals court denied their application for rehearing.
However, this argument ignores the notice implicit in the signing of the first release in April 2005. Plaintiffs also urges that his suit was filed in May 2006, yet fails to note that suit was found to have been lodged in a court of improper venue. Suit was not filed in a court of proper venue until May 2008, more than 3 years after the alleged malpractice. Therefore, under R.S. 9:5605 this suit is prescribed and should be dismissed.[3]
However, for the sake of completeness, the Court will address defendant's other Exceptions.
Insofar as the Exceptions of Vagueness and Ambiguity, defendant complains of several defects in the Petition. Of greatest concern to this Court is plaintiffs' failure to identify when the alleged malpractice was supposed to have occurred and when they had notice of same. This omission clearly was made to sidestep any defense of prescription on the face of the petition. If this Court were not inclined to grant the Exception of Prescription and dismiss the suit at this stage, it certainly would have ordered plaintiffs to amend, to state when the malpractice allegedly occurred. Defendant's vagueness assertions relating to plaintiffs' failures to enumerate their damages may be reurged at a later date, if circumstances present themselves.[4]
Defendant's Exception of Res Judicata is based upon her compromise and settlement of her former client's claims, prior to the bringing of this suit. Ortega V. State, Dept. of Transportation and Development 689 So 2d. 1358 (La 1997) stands for the proposition that a compromise or settlement has res judicata effect on a subsequent suit when the compromise and the suit involve the same parties and subject matter. The release by Mr. & Mr. Kenner, a non- ambiguous contract between the same parties to this suit was:
"made for and in consideration of the full and complete release, acquittal and discharge of any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action against Jan P. Jumonville arising from any alleged act or alleged omission by Jan P. Jumonville as attorney for Anthony J. Kenner in the case entitled Anthony J. Kenner v. St. Charles Parish, et al in the U.S. District Court for the Eastern District of Louisiana, Civil Action No. 022990."
Therefore, the Exception of Res Judicata is also supported and should be granted.
Defendant's last exception is one of No Right of Action coupled with a Motion for Summary Judgment as to the claims of Mrs. Terry Kenner. Defendant asserts that Mrs. Kenner was never a party to the attorney client retainer agreement existing between defendant and Mr. Kenner, nor a party in the federal court suit. Therefore, under Dinger V. Shea 685 So 2d. 485 (3rd Cir, 1996), Mrs. Kenner, did not have a right of action for any breach of the obligations inherent under that agreement, or for damages in the federal action, and grant of Summary Judgment would be appropriate. This Exception and Motion for Summary Judgment should also be granted.
Lastly, defendant seeks sanctions for the bringing of this suit with its many deficiencies and most disturbingly, clue to the length of time plaintiff counsel has known the full facts yet failed to dismiss. C.C.P. Article 863 provides, in pertinent part, as follows:
C. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation...
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
Plaintiffs compromised their claims against defendant more than 3 years ago. Plaintiffs' counsel has known of the pertinent facts applicable to the defenses of prescription and compromise for more than two years, yet he has failed to dismiss. Defendant is understandably disturbed, embarrassed and remorseful of the results of her failure to act in the federal litigation, in consequence of which she notified her client and compensated he and his wife for what they agreed was a reasonable value for their loss. Nonetheless, they have pursued this litigation without foundation in law and fact. The Court therefore would award defendant all of her costs involved in this and the Orleans Parish litigation and further would award her $1500.00 in attorney fees for her time and effort in defending this litigation.
THESE REASONS DO NOT CONSTITUTE A JUDGMENT. Defendant is ordered to prepare a Judgment consistent with these reasons and provide same to counsel for plaintiffs for review consistent with the local Rules of Court, prior to submission for signature.
Thus done and signed this 11 day of September, 2008 in Covington, Louisiana.
NOTES
[1] The argument in support of this assignment of error only addresses Mr. Bernberg's personal liability for the sanction, but he did not personally appeal this judgment. Mr. Bernberg failed to appeal this issue on his client's behalf even though the judgment holds them liable in solido for the debt, further, we note that Mr. Bernberg does not challenge the trial court's attorney fee award in the assignment of error.
[2] Defendant claims that her failure to act was caused by unexpected sequella of routine surgery.
[3] Plaintiff also argues that there is no such thing as an Exception of Peremption and that under Davis V. Sewerage and Water Bd. 469 So 2d. 1144 (4" Cir., 1985) the proper exception would be one of No Cause of Action. The Court finds ample authority for an Exception of Peremption under Louisiana Law and its application to the facts herein, particularly, since R.S. 9:5605 B specifically states that the one and three year periods are peremptive.
[4] The balance of the vague and ambiguous items urged by defendant do not appear to be anything more than a "me to" type of piling on. If they were to be urged absent these other dispositive items, the Court might be inclined to order plaintiff to amend. However, at this juncture, they appear to not warrant addressing.