# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JACOB JOHNSON

VERSUS

DARYL PURPERA, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY AS LOUISIANA
LEGISLATIVE AUDITOR, STATE OF
LOUISIANA, THROUGH LOUISIANA
LEGISLATIVE AUDITOR

**SEPTEMBER 10, 2020**

---

In Re:    Daryl Purpera and the State of Louisiana through the Louisiana Legislative Auditor, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 657022.

---

**BEFORE:    WHIPPLE, C.J., GUIDRY AND WOLFE, JJ.**

**WRIT DENIED.** While the question of whether a communication is defamatory is one of law, genuine issues of material fact exist herein, specifically as to whether or not defendants/relators, Daryl Purpera and the State of Louisiana through the Louisiana Legislative Auditor, implicitly accused plaintiff, Jacob Johnson, of violations of criminal law. See **Costello v. Hardy,** 2003-1146 (La. 1/21/04), 864 So.2d 129, 140. As noted by the district court, the implication and interpretation of the challenged statements, and whether the Legislative Auditor's reports accuse Johnson of perjury, theft, and malfeasance, are questions of fact properly reserved for a jury. Under a theory of defamation *per se,* words which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, without considering extrinsic facts or circumstances, are considered defamatory *per se.* **Kennedy v. Sheriff of East Baton Rouge,** 2005-1418 (La. 7/10/06), 935 So.2d 669, 675. As such, summary judgment is not appropriate at this time.

Moreover, genuine issues of material fact remain concerning Johnson's status as a public official, the designation of which is critical, as he is unable to assert a theory of defamation by innuendo if categorized as such. **Fitzgerald v. Tucker,** 98-2313 (La. 6/29/99), 737 So.2d 706, 717. Under a theory of defamation by innuendo, a plaintiff may recover for truthful statements of fact which carry a false, defamatory implication about another. In other words, defamatory meaning can be insinuated from an otherwise true communication. **Id.** Herein, if the statements contained in the Legislative Auditor's reports are true, and if held to be a public official, Johnson is unable to assert a claim of defamation by innuendo. Consequently, as genuine issues of material fact exist concerning the extent of Johnson's authority and duties as HEAL executive director, specifically as related to, and contrasted with, the HEAL Board of Trustees, summary judgment is not appropriate at this time.

**JMG**

**EW**

# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

**Whipple, C.J.,** dissents and would grant the writ. Defamation involves the invasion of a person's interest in his or her reputation and good name. To maintain an action for defamation, plaintiffs have the burden of proving: (1) defamatory words; (2) unprivileged publication; (3) falsity; (4) actual or implied malice; and (5) resulting malice. If even one of these required elements is lacking, the cause of action fails. **Thinkstream, Inc. v. Rubin,** 2006-1595 (La. App. 1st Cir. 9/26/07), 971 So.2d 1092, 1101, writ denied, 2007-2113 (La. 1/7/08), 973 So.2d 730, *citing* **Costello v. Hardy,** 2003-1146 (La. 1/21/04), 864 So.2d 129, 140.

Herein, plaintiff/respondent, Jacob Johnson, alleges defendants/relators, Daryl Purpera and the State of Louisiana through the Louisiana Legislative Auditor ("LLA" or "defendants"), accused him of various criminal violations, including malfeasance, theft, and perjury. However, the record reflects that in its two audit reports of the Health Education Authority of Louisiana ("HEAL"), the LLA simply discovered that certain rules and regulations were not followed by Johnson, as HEAL Executive Director, in specific instances, and noted that a statement made by Johnson was inaccurate based on facts as outlined in the audit reports. The audit reports contained no accusation of criminal intent. Moreover, Johnson does not deny that he failed to follow proper state regulatory protocol. As a matter of law, a statement that a public agency did not always comply with paperwork requirements is not defamatory. See **State v. Petitto,** 2010-0581 (La. 3/15/11), 59 So.3d 1245, 1254. The audits did not impute any violation of criminal law to HEAL or Johnson and, as argued by the LLA, "if [it] cannot comment upon whether a government agency complied with technical procurement policies without having to defend itself at a trial on the merits, then the utility of the office will have been vastly diminished." The Supreme Court of the United States has stated speech on public affairs "should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." **New York Times Co. v. Sullivan,** 376 U.S. 254, 270, 84 S.Ct. 710, 721, 11 L.Ed.2d 686 (1964).

Further, the challenged statements contained within the LLA's reports are not "provably false." As to HEAL's contracts, the audits identify the contracts at issue, their dates of execution and amounts, and the approvals that were needed, but not obtained. Regarding travel expenditures, because New Orleans was Johnson's domicile for employment purposes, state policy does not authorize reimbursement of his travel expenses within the city. These statements are not provably false, but merely convey the auditors' professional judgments that HEAL and Johnson's practices fell short of state policy. Also, Johnson does not dispute his, or HEAL's, failure to follow state contract approval or reimbursement policy. While defamatory words are those that harm the reputation of another so as to lower him in the estimation of the community, or deter others

from associating with him, statements of opinion relating to matters of public concern which do not contain a provably false factual connotation will receive full constitutional protection. **Lamz v. Wells**, 2005-1497 (La. App. 1st Cir. 6/9/06), 938 So.2d 792, 798 & **Romero v. Thomson Newspapers (WI), Inc.**, 94-1105 (La. 1/17/95), 648 So.2d 866, 870, cert. denied, 515 U.S. 1131, 115 S.Ct. 2556, 132 L.Ed.2d 810 (1995), *citing* **Milkovich v. Lorain Journal Co.**, 497 U.S. 1, 20, 110 S.Ct. 2695, 2706, 111 L.Ed.2d 1 (1990).

Lastly, even assuming *arguendo* that the challenged statements are defamatory *per se*, no malice can be found within the LLA's reports. Malice will be found where a story is fabricated by a defendant, is the product of his imagination, or is so inherently improbable that only a reckless man would have put it in circulation, but may not be inferred from evidence of personal spite, an intention to injury, or a bad motive. **Starr v. Boudreaux**, 2007-0652 (La. App. 1st Cir. 12/21/07), 978 So.2d 384, 390 & **Tarpley v. Colfax Chronicle**, 94-2919 (La. 2/17/95), 650 So.2d 738, 740 (per curiam). As defined in **Tarpley**, malice requires that the statement be made with a reckless disregard for the truth, and that the defendant made the false publication with a "high degree of awareness of probable falsity" or that the defendant "entertained serious doubt as to the truth of his publication." **Id.** The challenged statements made by the LLA regarding HEAL and Johnson's failure to follow proper state purchasing and reimbursement protocol certainly do not rise to this standard.

For these reasons, I find that the district court erred in denying the defendants' Motion for Summary Judgment and would grant the writ, reversing the district court's September 17, 2019 judgment, and would enter judgment in favor of defendants herein granting their Motion for Summary Judgment.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT