DENNIS, Judge,
concurring in writ denial.
I agree that the application should be considered moot and denied. The applicant does not suffer continuing harm or face the prospect of the likelihood of future recurrence of past harm. While there is a probability that similar cases arising in the future will evade judicial review, the applicant does not assert a claim that he has been deprived of a constitutional right, and it appears that the court of appeal correctly vindicated the respondent’s constitutional right to freedom of speech. Ieyoub v. The Ben Bagert for Attorney General Committee, Inc., No. CW 91 2065, slip op. (La.App. 1st Cir., November 15, 1991). I agree *573 with the court of appeal that the injunction of the publication of the campaign advertisement was an impermissible prior restraint of speech protected by the First Amendment as this court held in Guste v. Connick, 515 So.2d 436 (La.1987). Further, I believe that Article 1, § 7 of the Louisiana Constitution of 1974 affords an even more complete safeguard against such a prior restraint of protected speech in a political campaign: “No law shall curtail or restrain the freedom of speech or press. Every person may speak, write, and publish his sentiments on any subject, but is responsible for abuse of that freedom.” Id. Moreover, it also appears that the statute upon which the district court’s injunction was based is unconstitutional on its face because it is overbroad. In New York Times Co. v. Sullivan, 376 U.S. 254, 280-81, 84 S.Ct. 710, 726-27, 11 L.Ed.2d 686 (1964), the Supreme Court held that the First and Fourteenth Amendments require “a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves with convincing clarity that the statement was made with ‘actual malice’ — that is, with knowledge that it was false or with reckless disregard of whether it was false or not.” Later cases have made it clear that this rule is also applicable to candidates for public office and that it applies in all civil and criminal proceedings. Garrison v. Louisiana, 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964); Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967); Monitor Patriot Co. v. Roy, 401 U.S. 265, 91 S.Ct. 621, 28 L.Ed.2d 35 (1971); Ocala Star-Banner Co. v. Damron, 401 U.S. 295, 91 S.Ct. 628, 28 L.Ed.2d 57 (1971). La.R.S. 18:1463 is in direct conflict with the New York Times rule because it calls for the punishment and injunction of speech that is only negligently false, i.e., a statement that a person “should be reasonably expected to know” is false, rather than a statement made with actual malice or with reckless disregard of whether it was false or not. In a case almost directly on point, the Supreme Court held that a criminal libel statute that punished a false statement concerning a public official because it was not made “in reasonable belief of its truth” was unconstitutional as being in conflict with the New York Times test. Garrison v. Louisiana, supra.