### Regina BARTHOLOMEW-WOODS

v.

### Thomas M. WILSON and Campaign for Justice

### NO. 2016–CA–1163

Court of Appeal of Louisiana, Fourth Circuit.

### NOVEMBER 4, 2016

Daniel Ernest Davillier, DAVILLIER LAW GROUP, 1010 Common Street, Suite 2510, New Orleans, LA 70112

Charles Ferrier Zimmer, II, DAVILLER LAW GROUP, LLC, 1010 Common Street, Suite 2510, New Orleans, LA 70112

Charline K. Gipson, DAVILLIER LAW GROUP, LLC, 1010 Common Street, Suite 2510, New Orleans, LA 70112, COUNSEL FOR PLAINTIFF/APPELLEE

Paul J. Barker, REGAN LAW, PLC, 2125 St. Charles Avenue, New Orleans, LA 70130, COUNSEL FOR DEFENDANT/APPELLANT

(Court composed of Judge Max N. Tobias, Jr., Judge Joy Cossich Lobrano, Judge Rosemary Ledet)

Per Curiam

In the case *sub judice*, Thomas M. Wilson and the Campaign for Justice PAC (collectively, "appellants") challenge the issuance of a temporary restraining order ("TRO"), without bond, by Judge Paulette Irons ("Judge Irons") in favor of Judge Regina Bartholomew-Woods ("Judge Woods") at 11:00 p.m. on November 3, 2016, "restraining, enjoining, and prohibiting... [PAC] and all persons, firms or companies acting or claiming to act on their behalf, or in concert with them, from publishing, broadcasting, speaking, writing or making any other types of declarations or interest posts, public or private, indicating in any way that Regina Bartholomew Woods or her campaign was 'caught lying' or 'ordered by a judge to stop lying.'" The order set no date for hearing of any preliminary writ of injunction, but did say that

the TRO would expire on its own terms November 13, 2016. We take judicial notice that the election at issue is set for November 8, 2016, so, without a hearing date set, the TRO by its own terms operates as a quasi-final judgment.

■ ₂The appellants base their challenge on the fact that La. R.S. 18:1471 specifically prohibits the issuance of a TRO without first providing notice and an opportunity to be heard by the adverse party, and that the petition for TRO was not randomly allotted to a division of court. Because the appellants were not given an opportunity to oppose the entry of the TRO, we vacate the TRO.

La. R.S. 18:1463 states, in pertinent part:

C. (1) No person shall cause to be distributed, or transmitted, any oral, visual, or written material containing any statement which he knows or should be reasonably expected to know makes a false statement about a candidate for election in a primary or general election or about a proposition to be submitted to the voters.

D. (1) An affected candidate or voter shall be entitled to an injunction to restrain future violations of Subsections B and C of this Section.

La. R.S. 18:1471 states:

A. Notwithstanding any other provision of law to the contrary, a temporary restraining order shall not issue with respect to an allegation of any practice or procedure contrary to the election laws of the state unless notice is given to the adverse party and an opportunity had for a hearing prior to the local, state, or national election affected.

B. After service of the notice, the temporary restraining order shall be assigned for hearing not less than ten days prior to the election.

C. An appeal may be taken as a matter of right from a temporary restraining order relating to an alleged violation of the Louisiana Election Code. However, such an order shall be suspended during the pendency of an appeal unless the court in its discretion orders otherwise.

■ La. R.S. 18:1463 and La. R.S. 18:1471 however, must be read *in pari materia* with the articles of the Louisiana Code of Civil Procedure, La. C.C.P. Arts. 3601, *et seq.*, addressing TROs and injunctions. More specifically, a TRO cannot be issued without a bond (Article 3610) and cannot be issued without notice except ₃as provided by law. Further, we do not read Judge Woods's petition as requesting a preliminary injunction due to the fact that it expires after the election. Thus, the petition only requests a permanent injunction. The present TRO purportedly is intended to act as a preliminary injunction which it cannot without a formal hearing; such is further evidence of the ineffectiveness of the TRO. Judge Woods's petition contains a purported certificate of service indicating that a copy of the petition was served on November 3, 2016 on "all known counsel" and/or all know parties by facsimile, electronic mail and/or mailing the same by United States mail," but does not identify who was served, when service was attempted, and/or offers any indication that the request for the TRO would be presented to a judge at any particular time of day or place, or in this case, late at night.

Although this matter has been lodged as an appeal, we elect to convert the appeal to an application for supervisory writ, exercising our authority under La. Const. Art. V, § 10A, and act forthwith on the writ application. Accordingly, we order their appeal converted to a writ application and hereby grant the writ application

■ Our jurisprudence arising primarily out of our Supreme Court has made clear on multiple occasions that a TRO does not lie to enjoin speech and other forms of communications associated with an election, regardless of the content of that speech. That is to say, La. Const. Art. I, § 7[1] grants a complete safeguard |₄against any prior restraint on protected speech in a campaign. *See, for example, State v. Burgess,* 543 So.2d 1332 (La. 1989); *Guste v. Connick,* 515 So.2d 436 (La. 1991); *Ieyoub v. Ben Bagert for Atty. Gen. Committee, Inc.,* 590 So.2d 572 (La. 1991); *see also Lamz v. Wells,* 05–1497 (La.App. 1 Cir. 6/9/06), 938 So.2d 792.

■ Thus, as a matter of law, the TRO was improperly requested by Judge Woods, and improperly entered by the trial court not only because inadequate notice to the appellants to give the appellants an opportunity to oppose the entry of the TRO, but also because the trial court did not order the posting of a bond and granted Judge Woods relief in a matter for which she states no cause of action for injunctive relief. Judge Woods's cause of action is solely for defamation as an ordinary, not summary, action and then after service, citation, and answer by the defendant, and trial on the merits.

In sum, the appeal of the appellants is converted to an application for a writ application for supervisory review, the application for writ is granted, and judgment is rendered herein vacating, setting aside and nullifying the TRO entered in this case on November 3, 2016 in favor of Judge Woods and against the appellants.

**APPEAL CONVERTED TO WRIT APPLICATION; WRIT APPLICATION GRANTED; TEMPORARY RESTRAIN-**

1. La. Const. Art. I, § 7 states: "No law shall curtail or restrain the freedom of speech or press. Every person may speak, write, and publish his sentiments on any subject, but is responsible for abuse of that freedom."

**ING OF NOVEMBER 3, 2016 VACATED; RENDERED.**

LEDET, J., CONCURS; LOBRANO, J., CONCURS

LEDET, J., CONCURS

|₁I concur in the result.

LOBRANO, J. CONCURS

|₁I respectfully concur in the results.